I RECEIVED YOUR LETTER OF OCTOBER 29, 1991 WHEREIN YOU 'ASK-A RELATED QUESTION TO THE QUESTION I RESPONDED TO IN SEPTEMBER. BY NOW YOU SHOULD HAVE RECEIVED THE LETTER I WROTE TO COMMISSIONER GRAVES WHICH FURTHER CLARIFIES THE PREVIOUS LETTER. TOWARD THE END OF THE LETTER TO COMMISSIONER GRAVES I INDICATED THAT OUR OFFICE POLICY GENERALLY REQUIRES A STATE BOARD TO VOTE TO REQUEST OPINIONS TO THIS OFFICE. WHERE A STATE BOARD OR AGENCY LIKE YOURS EMPLOYS IN-HOUSE LEGAL COUNSEL, WE, ALSO REQUEST THE LEGAL.DEPARTMENT . . . TO PREPARE A MEMO WHICH OUTLINES THEIR ANALYSIS OF THE QUESTION. THIS INSURES THAT APPLICABLE RULES OR INTERPRETATIONS ARE CALLED TO OUR ATTENTION BEFORE WE RESPOND TO THOSE ISSUES.
BECAUSE AIL OF THE COMMISSIONERS ARE INDEPENDENTLY ELECTED STATE OFFICEHOLDERS, THE INDIVIDUAL COMMISSIONERS MAY DIRECTLY ASK THIS OFFICE FOR LEGAL OPINIONS ON ISSUES UNIQUE TO THEM. THE BEST EXAMPLE OF THIS WOULD BE A CONFLICT OF INTEREST QUESTION. WE ARE ALSO AVAILABLE FOR VERY INFORMAL ADVICE ON THE PHONE.
AS FAR AS A RESPONSE TO YOUR SUPPLEMENTAL LETTER I WOULD ONLY SAY THAT I DO NOT READ 17 O.S. 40.1 (1990) TO PROHIBIT THE COMMISSION FROM CONSOLIDATING CASES WHERE THE SUBJECT MATTER AND ISSUES ARE THE SAME. THE FACT THAT THE COMMISSION IS GENERALLY BOUND TO HOLD HEARINGS AT THE REGIONAL SERVICE OFFICE WHERE AN APPLICATION IS FILED CANNOT BE READ SO STRICTLY THAT RELATED CASES FILED IN DIFFERENT OFFICES MUST BE HEARD SEPARATELY. NOT ONLY WOULD SUCH A READING BE AGAINST THE INTERESTS OF JUDICIAL ECONOMY, BUT SUCH A STRICT READING WOULD ALSO CREATE THE POSSIBILITY OF INCOMPATIBLE ORDERS EMANATING FROM THE SAME AGENCY.
(THOMAS L. SPENCER)